# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | H-12-336-7 |
| | § | |
| HERRATIO HANS HEDSPETCH | § | |

## RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER EARLY TERMINATION OF SUPERVISED RELEASE

TO THE HONORABLE JUDGE SIM LAKE:

COMES NOW the United States of America, by and through United States Attorney Ryan K. Patrick, and John D. Jocher, Assistant United States Attorney for the Southern District of Texas in response to the Defendant's Motion to Reconsider Early Termination of Supervised Release pursuant to 18 United States Code Section 3583 (e) (1) and would show the Court the following:

## I

The defendant bases his Motion to Reconsider on three points, however none of these arguments warrant the Court's reconsideration or early termination of defendant's supervised release.

First the defendant argues without support that the Government relied solely on the *seriousness* of his original offense to justify its opposition to his original motion. Fifth Circuit precedent established in *United States v. Miller* prohibits courts from considering 18 U.S.C. § 3553(a)(2)(A) factors in its decision to modify terms of supervisory release. 634 F.3d. 641 (5th Cir. 2011). This means that courts cannot base their decision to modify a term of supervised

release upon "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The defendant asserts without supporting that the Government based its opposition solely on these prohibited factors, but in fact in its opposition to the defendant's motion, the Government never mentioned the seriousness of the offense. Instead the Government's opposition focused on the significance of the defendants criminal activity and the nature of the crime, and the necessity for deterrence which are permitted considerations under 18 U.S.C § 3583(e) falling under 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(B) respectively. Thus, the court did not rely on prohibited considerations when denying the defendant's motion and the Court should deny defendant's motion to reconsider.

The defendant's assertion that the Court must reconsider his motion for early termination of supervised release because it failed to establish its consideration of the 18 U.S.C. § 3553 sentencing factors in the record is without merit. While the holding in *United States v. Kippers*, may support the proposition that the Court should demonstrate considerations of 18 U.S.C. § 3553 sentencing factors in some sentencing decisions, the court does not have to explicitly demonstrate it consideration. *United States v. Kippers*, 685 F.3d 491 (5th Cir. 2012). In *Kippers*, the court found that just because there was no mention of the § 3553(a) sentencing factors in the order revoking the defendant's supervised release, other information in the record supported that the sentencing factors had been considered. *Kippers*, 685 F.3d 491. Implicitly considering the sentencing factors is enough. *Id*. at 499. This is aligned with decisions from other circuits. "[T]he Court…need not…explicitly articulate that it considered the factors." *United States v. Johnson*, 877 F.3d 993, (11th Cir. 2017). *Johnson*, which finds that the plaintiff's motion alone was not enough to implicitly establish that the sentencing factors were considered, mentions leaves open

the possibility that consideration of the factors may have been established if the Government had responded to the original motion.

Though not explicitly mentioned in the Court's order denying the defendant's motion for early termination of supervised release, it is clear from the record that the § 3553 sentencing factors were considered in this determination. Like in Kippers, the court's consideration of the sentencing factors can be established from the record, 685 F.3d 491, because unlike in Johnson, 877 F.3d 993, consideration of the factors (significance and nature of the crime and the need for deterrence) was included in the Government's response. Thus, there is sufficient information in the record to have established that the court issued its order denying the defendant's motion after considering the relevant sentencing factors even if it was not included in the order itself.

Finally, the defendant's argument that the early termination of supervised release that was granted to one of his co-defendant's creates a sentencing disparity is not determinative. Even if the grant of this co-defendant's motion creates a sentencing disparity, this is only one factor that the court must consider. Weighing this factor against the significance and nature of the defendant's crime necessitates the defendant's continued supervised release to ensure deterrence and for the protection of the community.

As stated in the Government's initial response the Government remains opposed to termination of supervised release. Mr. Hedspetch was a member of an extensive drug trafficking conspiracy.  Title III wiretaps of, among others, the defendant's phone supported that he was a significant participant who dealt large quantities of cocaine in and around the Huntsville, Texas area.  Moreover, during the execution of a search warrant for a storage facility leased by Hedspetch, law enforcement discovered and seized a large cache of weapons and ammunition that belonged to the defendant.  The Government continues to believe that the significance of

the defendants criminal activity, the nature of the crime, and the necessity for deterrence require that we oppose the defendant's request.

        Respectfully submitted,

        Ryan K. Patrick
        United States Attorney

By:  /s/ John D. Jocher
      John D. Jocher
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

The defendant filed his Pro Se motion to terminate supervised release and did not include an email or mailing address so that the Government could supply him with a copy of this Response. Consequently, I can not certify that a true and correct copy of the Government's response to Defendant's motion for early termination was sent the Defendant.

        /s/ John Jocher
        John Jocher
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | H-12-336-7 |
| HERRATIO HANS HEDSPETCH | § | |

### O R D E R

The Court has considered the Defendant's Motion to Early Terminate Supervised Release filed in the above captioned matter, including the application of 18 U.S.C. § 3553 sentencing factors.

**IT IS ORDERED** that the Defendant's Motion to Early Terminate Supervised Release is **DENIED/GRANTED.**

**SO ORDERED** on this the _____ day of July, 2020.

_____
**ANDREW S. HANEN**
**UNITED STATES DISTRICT COURT JUDGE**